IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lutwione A. Robinson (20221103091), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23 C 0599 ) ) Judge John J. Tharp, Jr. ) |
| Tom J. Dart, et al., | ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. If Plaintiff wants to proceed with this lawsuit, he must pay the $402 filing fee. If Plaintiff does not comply by March 31, 2023, this case will be summarily dismissed.

**STATEMENT**

Plaintiff Lutwione Robinson, a detainee at the Cook County Jail, brings this action *pro se* under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's application to proceed *in forma pauperis* (IFP).

The Prison Litigation Reform Act requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $402 filing fee upfront, he may submit an IFP application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350 as an administrative fee is waived).

Here, the Court determines that Plaintiff may not proceed *in forma pauperis* based on the information provided. Plaintiff's trust fund statement indicates that he had average monthly deposits of $237.50 over the last four months. This includes a $600 deposit in November of 2022, more than enough funds to pay the filing fee.

Because Plaintiff is a prisoner for whom the state provides the necessities of life, his assets demonstrate that he does not qualify as indigent. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). This is the case even though Plaintiff elected to spend most of his income on personal items. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not protected by 28 U.S.C. § 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (noting that a prisoner "can save up . . . and pay the filing fee").

       Because Plaintiff does not financially qualify to pay the filing fee in installments, he must prepay the full $402 statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk of Court and mailed to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Plaintiff's failure to do so by the date specified above will result in the summary dismissal of this lawsuit.

Date:  2/2/2023                                       /s/ John J. Tharp, Jr.
                                                                 John J. Tharp, Jr.
                                                                 United States District Judge